Robert E. Stone State Attorney Stuart
QUESTION:
Does a cable television bingo game, as outlined below, violate any of the Florida lottery prohibitions as embodied in the Florida Statutes, Ch. 849?
SUMMARY:
A cable television bingo game to be played by the viewing public, sponsored by merchants who buy advertising on the medium, on cards secured either at the merchants' organizations or at the cable television office, would violate s. 849.09, F. S., which prohibits lotteries.
GAME OUTLINE: The cable TV station would sell advertising time to local merchants as sponsors of the TV bingo game. The cost of advertising time would be the same as for any other televised program in that time slot.
Bingo cards would be distributed, free of charge, at all of the sponsoring merchants' locations and at the cable TV office. Participants would pick up the bingo cards at the above locations and then play the game by watching the local cable TV channel to determine the numbers to place on their card. One prize of $100 would be awarded for each day the program is aired and would be picked up at the cable TV office. Although the bingo cards would be available to anyone who wanted them, in order to play the game participants would have to have access to a television set with the cable TV hookup.
Section 849.093, F. S., reads as follows:
849.093 Charitable, nonprofit organizations; certain endeavors permitted. —
 (1) None of the provisions of this chapter shall be construed to prohibit or prevent nonprofit or veterans' organizations engaged in charitable, civic, community, benevolent, religious or scholastic works or other similar activities, which organizations have been in existence for a period of 3 years or more from conducting bingo games or guest games, provided that the entire proceeds derived from the conduct of such games shall be donated by such organizations to the endeavors mentioned above. In no case shall the proceeds from the conduct of such games be used for any other purpose whatsoever.
 (2) If an organization is not engaged in efforts of the type set out above, its right to conduct bingo or guest games hereunder shall be conditioned upon the return of all the proceeds from such games to the players in the form of prizes. If at the conclusion of play on any day during which bingo or guest is allowed to be played under this section there remain proceeds which have not been paid out as prizes, the nonprofit organization conducting the game shall at the next scheduled day of play conduct bingo or guest games without any charge to the players and shall continue to do so until the proceeds carried over from the previous days played have been exhausted. This provision in no way extends the limitation on the number of prize or jackpot games allowed in one night as provided for in subsection (4).
 (3) The number of days during which such organizations as are authorized hereunder may conduct bingo or guest games per week shall not exceed two.
 (4) No jackpot shall exceed the value of $100 in actual money or its equivalent and there shall be no more than one jackpot in any one night.
 (5) There shall be only one prize or jackpot on any one day of play of $100. All other game prizes shall not exceed $25.
 (6) All persons involved in the conduct of any bingo or guest game must be a resident of the community where the organization is located and a bona fide member of the organization sponsoring such games and shall not be compensated in any way for operation of said bingo or guest game.
(7) No one under 21 years of age shall be allowed to play.
 (8) Bingo or guest games shall be held only on property owned by the nonprofit organization or by the charity or organization that will benefit by the proceeds, on property leased full time by such organization for a period of not less than 1 year, or on property owned by and leased from another nonprofit organization qualified under this section.
 (9) Any organization or other person who willfully and knowingly violates any provision of this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. For a second or subsequent offense, the organization or other person is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
Clearly, the first group to which the legislation refers (see
subsection (1) above) does not contemplate the playing of bingo either by television stations (cable or otherwise) or merchants.
It is equally clear that the second group (subsection (2) above) referred to in the legislation does not include either such television stations or such merchants.
Accordingly, if neither the television stations nor the merchants who may advertise thereon fall within either category of the organizations permitted to play bingo in conformity with s. 849.093, supra, bingo cannot be played in the manner outlined above.
I further observe that the penalty for a violation of playing bingo in a fashion contrary to the manner set out in s. 849.093,supra, is that of a misdemeanor in the first degree. That applies only to organizations or entities who are qualified to play bingo under the statute, but do it in contravention thereof.
If an organization or an enterprise is not authorized by statute to play bingo, then its endeavor in so doing is characterized a lottery as proscribed by s. 849.09, F. S. One who violates that section is at least guilty as a misdemeanant and possibly as a felon.
Prohibited lotteries in Florida consist of three elements: A prize, an award by chance, and consideration. The clear authority for this conclusion may be found in the cases of Little River Theatre Corporation v. State ex rel. Hodge, 135 Fla. 854,185 So. 855; and Blackburn v. Ippolito, 156 So.2d 550.
It is obvious that a prize is to be awarded to whomever plays the game contemplated by this promotional endeavor. It is equally obvious that such prize will be distributed by a chance filling out of a bingo card. The consideration, when viewed in light of the two authorities ante, is equally obvious. It seems clear that the promotional endeavor contemplated by the inquiry made of your office, if implemented, would be in violation of Florida's law against lotteries.
Prepared by: George R. Georgieff, Assistant Attorney General